# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

RUDOLF ZIMMERMAN,  
Individually and on behalf of all  
others similarly situated,

    Plaintiffs,      CIVIL ACTION NO.  
                           1:09-CV-2116-RWS

v.

SUNTRUST BANK,

    Defendant.

## **ORDER**

This case is before the Court for consideration of Plaintiffs' Motion for Attorney's Fees and Costs [26]. After reviewing the record, the Court enters the following Order.

This action was concluded when Plaintiffs accepted the Offers of Judgment made by Defendant resolving their Fair Labor Standards Act ("FLSA") claims. The Offers of Judgment provided that Plaintiffs would receive "reasonable attorney's fees and costs in an amount to be determined by the District Court." Offer of Judgment [24-1] at 1.

The claims asserted in the present action were originally asserted in a suit filed in April, 2008, Case No. 1:08-CV-1410-RWS ("Zimmerman I"). After dismissing Zimmerman I, Plaintiff commenced a AAA arbitration proceeding. However, the arbitrator dismissed the arbitration finding that she had no jurisdiction over the claim. Thereafter, Plaintiff filed the present action ("Zimmerman II") on August 4, 2009. Plaintiff Rienecker opted in to this action on September 23, 2009. In their Motion for Attorney's Fees, Plaintiffs seek to recover attorney's fees related to Zimmerman I, the arbitration proceeding, and Zimmerman II. Defendant asserts that Plaintiffs are not entitled to attorney's fees or costs associated with those earlier proceedings. Defendant points out that those were separate actions, and Plaintiff was not a "prevailing party" in either proceeding.

Plaintiffs assert that the work performed by counsel in the earlier proceedings was all related to the same FLSA claims. Plaintiffs assert that their effort to arbitrate the claims is consistent with the strong federal policy favoring arbitration and should be rewarded by the Court. Plaintiffs analogized the claim for fees in the earlier proceedings to fees sought for administrative work preceding other types of claims brought in federal court.

2

The Court concludes that Plaintiffs are not entitled to recover fees and costs associated with Zimmerman I and the arbitration proceeding. Unlike administrative proceedings in claims such as those pursuant to Title VII, the earlier proceedings in this case were not necessary prerequisites to bringing the FLSA claims. Rather, these were separate actions that concluded without Plaintiff being a prevailing party in those actions. Therefore, the Court will not award fees and costs associated with those proceedings.

Defendant complains that Plaintiffs failed to group time entries by activity. In response, Plaintiffs submitted a breakdown by activity with their Reply Brief. Defendant also challenges the time that Plaintiffs have attributed to some of the work included in their statement. With the benefit of the grouping of entries provided by Plaintiffs, the Court will address each of Defendant's specific objections in turn.

First, Defendant challenges the time spent responding to the Court's show cause Order issued December 23, 2010. Defendant, without the benefit of the grouped billing entries, asserted that Plaintiffs' counsel spent 25 hours preparing a response. However, based upon the grouped billing entries,

3

Plaintiffs attribute 14.2[1] hours to this work. Having reviewed this submission, the Court will reduce the time for this work by 4 hours.

Next, Defendant contends that the requested fees should be reduced because they are redundant and excessive. Defendant asserts that three or more lawyers "engaged in virtually every aspect of the case, no matter how routine." Def.'s Brief [27] at 15. The only specific instance cited by Defendant involved the preparation of the Complaint. In the grouped billing submitted by Plaintiffs, the time attributed to drafting and serving the complaint in Zimmerman II is 1.8 hours. The Court does not find this excessive.

Defendant asserts that time entries are excessive even when there are not duplicate efforts. Id. at 16. Defendant specifically identifies time for drafting interrogatories and document requests, as well as copying discovery responses, as examples of this excess. Having reviewed these entries, the Court finds that the time for these specific tasks is not excessive.[2]

---

[1]The Court has included .9 hours that was not included in the section for "Order to Show Cause," but was in the section for "Discussions Concerning Case Strategy" and described the specific tasks as being related to the Order to Show Cause.

[2]Defendant's objection to the time for preparation of interrogatories is based in part on the fact that interrogatories had previously been prepared in connection with Zimmerman I. However, based on earlier rulings in this Order, Plaintiffs' counsel is not being compensated for that work.

4

Defendant next challenges the time spent discussing and analyzing settlement offers and the language in the offers of judgment. Id. at 17. Based on the grouped time entries, 40.33 hours[3] are attributed to this work. Many of these hours involved internal conferences among the various attorneys involved in the case. The Court finds that the hours attributed to these tasks are excessive and redundant and will reduce these hours by 20 hours.

Defendant also challenges the time spent on Plaintiffs' fee motion. Based on the grouped time entries, 61.15 hours are attributed to preparation of the motion for fees and the reply brief and exhibits. A significant amount of time was spent on the issue of recovery of fees for Zimmerman I and the arbitration, issues on which Plaintiffs have not prevailed. Additionally, the Court finds that the time expended on the motion was excessive, in light of the experience of counsel in these matters, and, at times, redundant. However, time was also spent grouping time entries by activity which facilitated the Court's review. The Court will reduce this entry by 35 hours.

Defendant challenges several other charges that Defendant contends are unnecessary or not properly chargeable. Id. at 19. In their Reply, Plaintiffs did

---

[3]This includes time for "Discussions Concerning Case Strategy," "Work Related to Settlement and Offer of Judgment(s)," and "Post-Complaint Activity and Settlement Discussions."

AO 72A
(Rev.8/82)

not specifically address these charges. However, Plaintiffs deleted charges for clerical work from their grouped time entries. As for the objections to the pre-suit consultations and negotiations, these fees are associated with Zimmerman I and are denied. As for the bankruptcy-related fees, the Court will sustain this unopposed objection and reduce the hours by 2.43hours[4].

Finally, Defendant challenges the hourly rates sought by Plaintiffs. Defendant asserts that Plaintiffs failed to establish the reasonableness of their rates. Plaintiffs assert that this Court has previously found the rates reasonable when the Court approved the settlements in Allen v. SunTrust Bank, Case No. 1:06-CV-3075 and Riddle v. SunTrust Bank, Case No. 1:08-CV-1411. However, in each of those cases, the Court approved settlements that included an award of attorney's fees consistent with contingent fee agreements between plaintiffs and their counsel. The Court did not address the specific hourly rates charged by counsel. In fact, in one case counsel was paid significantly less than the amount that would have been awarded using the lodestar approach and in the other, counsel was paid less. Having considered the submissions in the present case, the Court will accept the rates proposed by Plaintiffs with the

---

[4]This includes .8 hours in the "Zimmerman's Bankruptcy" section and 1.63 hours for work identified as being related to the bankruptcy in the Garber exhibit.

6

exception of the rates for Dan Getman and Marc Garber, which the Court will set at $450 per hour.

In addition to the specific objections addressed herein, the Court has considered the limited motion practice involved in the case. Also, as Defendant has asserted, much of the work of counsel involved consultations with one another and consideration of settlement offers. Redundancy necessarily occurred throughout that process. Taking all of the foregoing into account and utilizing the Court's own experience and knowledge concerning this issue, the Court awards attorney's fees to Plaintiffs in the sum of $26,000. See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (holding that the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment").

Plaintiffs seek $1777.64 in costs, which includes costs associated with Zimmerman I and the arbitration. Having concluded that Plaintiffs may not recover fees and costs associated with Zimmerman I or the arbitration, the Court has deducted those costs and awards Plaintiffs $614.74 in costs.

Based on the foregoing, Plaintiffs are awarded attorney's fees of $26,000 and costs of $614.74 against Defendant.

AO 72A
(Rev.8/82)

**SO ORDERED**, this  22nd  day of December, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)